FILED
Dec 17 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ anthonyh    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSE ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.D. ELECTRONIC CORP., <br><br> Defendant. | Case No.: 3:18-cv-00373-BEN-WVG <br><br> **ORDER GRANTING DEFENDANTS MOTION TO STAY.** <br><br> **[ECF No. 25]** |

## I. INTRODUCTION

Before the Court is Defendant U.S. Electronic Corp.'s ("UDE" or "Defendant") motion for a stay pending *inter partes* review. (Doc. No. 25.) For the reasons stated below, the Court will grant the motion.

## II. BACKGROUND

In this patent case, Plaintiff Pulse Electronics, Inc. ("Pulse" or "Plaintiff") asserts infringement claims against UDE based on four patents, including U.S. Patent No. 6,773,302 (the "*'302 Patent*"), U.S. Patent No. 7,959,473 (the "*'473 Patent*"), U.S. Patent No. 9,178,318 (the "*'318 Patent*"), and U.S. Patent No. 6,593,840 (the "*'840 Patent*") (collectively, the "Patents-in-Suit"). (*See* Doc. No. 25-1 ¶ 14.) The accused products are are RJ-45 Integrated Connector Modules ("ICM"). *Id*. ¶ 10. Pulse currently asserts dependent claims 1 and 3 through 16 of the *'302 Patent* (*Id*. ¶ 32); claims 1, 16, and 30 of the *'473 Patent* (*Id*. ¶ 46); claims 14 and 17 of the *'318 Patent* (*Id*. ¶ 79); and claims 1, 7,

9, 11, 12, and 16 of the *'840 Patent* (*Id.* ¶ 91). UDE filed its Answer on June 11, 2018. (Doc. No. 13.)

On November 9, 2018, UDE filed an *inter partes* review ("IPR") petition challenging both claims of the *'318 Patent*. (Doc. No. 25-1 at 4.) Pulse will have until February 2019 to respond to the petition. *Id.* The PTAB must then decide within three months of Pulse's response date, *i.e.*, May 2019, whether to institute the IPR. *Id.* If IPR is instituted, the PTAB's Final Written Decision should issue in May 2020. *Id.* In addition, UDE will file petitions for IPR against all asserted claims of the remaining patents-in-suit within the next month. *Id.* As of the date of this Order, the Court notes that Plaintiff has yet to file a response to the *'318 Patent* IPR or the Motion to Stay.

### III. LEGAL STANDARD

"A court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. In deciding how best to exercise this inherent power, the court must weigh competing interests and maintain an even balance." *Drink Tanks Corp. v. GrowlerWerks, Inc.*, 2016 WL 3844209, *2 (D. Or. 2016) (citation and internal quotation marks omitted).

"With regard to deciding whether to stay litigation pending IPR, courts generally consider the following three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* (citation omitted). Although courts generally "apply a liberal policy in favor of granting motions to stay proceedings pending the outcome of PTO IPR proceedings...the totality of the circumstances governs...and a stay is never required." *Id.* (citations and internal quotation marks omitted); *cf. Medicis Pharmaceutical Corp. v. Upsher-Smith Laboratories, Inc.*, 486 F. Supp. 2d 990, 993 (D. Ariz. 2007) (citations omitted) ("Indeed, district courts within this Circuit have noted that 'there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO

2

3:18-cv-00373-BEN-WVG

reexamination...proceedings.'").

## IV. DISCUSSION

### A. <u>Stage of the proceedings</u>.

The first factor asks the Court to consider the progress already made in the case, such as the completion of discovery, the setting of a trial date, and whether claim construction has occurred. *GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-CV-03590-JST, 2017 WL 2591268, at *3 (N.D. Cal. June 15, 2017); *Universal Elecs.*, 943 F. Supp. 2d at 1031.

The Court finds that this case is still in its early stages. While a claim construction hearing has been set for April 2019, all dates beyond that, including the trial, have yet to be set. *Id.* at 9. The parties have not completed any depositions, nor have they served any third-party discovery, or engaged in any expert discovery. *Id.* Written discovery between the parties consists merely of a single set of requests for production of documents for Pulse to produce to UDE. *Id.* UDE notes that Pulse has served it with "(deficient) infringement contentions and (still deficient) supplemental infringement contentions." *Id.* Finally, UDE has not served invalidity contentions and the parties have not exchanged their positions related to claim construction. *Id.*

In light of the foregoing, there remains considerable work to be done in this matter. This factor weighs heavily in favor of granting a stay.

### B. <u>Simplification of Issues</u>.

The next factor asks the Court to examine whether and to what degree a stay will simplify the litigation. *Personal Web Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340 at *4 (N.D. Cal. Jan 13, 2014); *see also Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-CV-02013-JST, 2014 WL 5021100, at *3 (N.D. Cal. Oct. 7, 2014) (weighing in favor of a stay where all patents asserted were covered by the IPR). An IPR need not resolve all claims in order to simplify the Court's consideration of that patent. *See Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Commc'ns (U.S.A), Inc.*, No. 15-CV-00234-EDL, 2015 WL 13333678, at *3 (N.D. Cal. May 6, 2015) ("[T]he issue is simplification, not elimination."); *see also IXI*

*Mobile (R & D) Ltd. v. Samsung Elecs. Co. Ltd.*, No. 15-CV-03752-HSG, 2015 WL 7015415, at *3 (N.D. Cal. Nov. 12, 2015).

The Court also finds it relevant that Congress's intent in creating the IPR system was to create an improved process for evaluating patent claims, by allowing subject matter experts to render binding decisions on a relatively expedited and cost-efficient basis. *PersonalWeb Techs.*, 2014 WL 116340 at *2 (citations omitted) (IPR is intended in part to "limit unnecessary and counterproductive litigation costs" and create a "cost-effective alternative to litigation"). Issuing a stay here—rather than the alternative of requiring the parties to engage in costly, parallel litigation of many of the same issues in two different forums—will best effectuate this intent. *Cf. Oil States Energy Servs.*, 138 S. Ct. at 1372 (noting potential for inefficiency and conflicting judgments in the absence of a stay); Matthew R. Frontz, *Staying Litigation Pending Inter Partes Review & the Effects on Patent Litigation*, 24 Fed. Circuit B.J. 469, 491 (2015) ("Congress's reasoning for implementing *inter partes* review was to present a cost-effective alternative to patent litigation. The district courts have upheld this reasoning by staying 84% of litigations pending an *inter partes* review that has been instituted."). Avoiding costly, duplicative litigation in two forums will also effectuate the overall aim of the Federal Rules of Civil Procedure—to promote the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

UDE contends that it is highly likely that the Patent Office will institute IPR given the materiality of the cited prior art disclosures, and that at least certain of the challenged claims will be cancelled or amended. (Doc. No. 25-1 at 7.) As a result, this will reduce the number of asserted patent claims required to be adjudicated by this Court. *Id.*

Moreover, assuming the PTAB does institute IPR, its Decisions and Final Written Decision will directly address material issues regarding the interpretation of Plaintiff's claims and the applicability of various classes of prior art. (*See Am. GNC Corp*, 2018 WL 4104951 at *3.) As a final point, UDE will be restrained from asserting in this litigation any ground of invalidity it "raised or reasonably could have raised" in the IPR

proceedings as a defense for any claims that survive IPR. 35 U.S.C. § 315(e)(2); *see also id.*

Thus, UDE's pending and prospective IPR petitions challenging all of the asserted claims in this case weigh heavily in favor of granting a stay.

## C. **Prejudice of Non-Moving Party**.

In weighing the prejudice to the non-moving party, the Court considers four sub-factors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Cypress Semiconductor Corp.*, 2014 WL 5021100 at *3. "Speculation that evidence will be lost, without more, is insufficient to demonstrate undue prejudice." *Evolutionary Intelligence, LLC*, 2014 WL 2738501, *6; *see also Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013) ("Delay alone, without specific examples of prejudice resulting therefrom, is insufficient to establish *undue* prejudice.").

The first three factors are easy. In light of the instituted IPR, its short length, and UDE's diligence in both petitioning for IPR and moving this Court for a stay, all three weigh in favor of a stay.

As to the fourth sub-factor, "[c]ourts recognize that when the parties are direct competitors, the risk of prejudice is higher to the non-moving party than it would be otherwise." *Asetek Holdings, Inc.*, 2014 WL 1350813, at *5 (citations omitted). However, because Pulse has yet to respond, the Court is prevented from determining the competitive nature and degree between the parties as well as to show *how much* prejudice Pulse will suffer absent a stay. *See Cypress Semiconductor Corp.*, 2014 WL 5021100, at *5 ("while the Court can assume that Cypress will suffer some prejudice as a result of a stay due to the parties' status as competitors, the Court cannot assess the degree of prejudice without at least some probative evidence on the point"); *Asetek Holdings, Inc. v. Cooler Master Co., Ltd*, No. 13-cv-00457-JST, 2014 WL 1350813, at *5 (same). In this case, while the Court does give some weight to the parties' competitive relationship

5

despite Pulse's lack of response, it does not give it a great deal of weight because of the lack of evidence as to the degree of prejudice.

Moreover, even if Pulse had made a showing of prejudice, it ultimately would have been undercut by the fact that it did not seek preliminary injunctive relief against UDE in this suit. Failing to seek a preliminary injunction weighs against prejudice because it suggests that money damages would compensate any loss. *Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co.*, No. 16-CV-03886-BLF, 2017 WL 2633131, at *4 (N.D. Cal. June 19, 2017); *see also, c.f., SAGE*, 2015 WL 66415, at *5 (concluding that plaintiff's "failure to seek a preliminary injunction to date does bear on the undue prejudice analysis" but does not "entirely outweigh[]" the competitive injury in light of the early stage of the proceedings).

This factor weighs in favor of granting a stay.

## V. CONCLUSION

Because all three factors weigh in favor of granting a stay, the Court concludes as follows:

(1) The Motion to Stay is **GRANTED** as to the *'318 Patent*. All proceedings regarding the *'318 Patent* are stayed pending IPR review.[1]

(2) The Motion to Stay is tentatively **GRANTED** as to the *'302, '473, and '840 Patents*, subject to UDE filing adequate notices with the Court demonstrating the remaining IPR petitions were filed. **The notices shall be**

---

[1] *Hewlett-Packard Co. v. Service Now, Inc.*, No. 14-CV-00570-BLF, 2015 WL 5935368, at *3 (N.D. Cal. Oct. 13, 2015) (granting partial stay); *Cellectricon AB v. Fluxion Biosciences, Inc.*, No. C-09-3150 RMW, 2011 WL 1557987, at *3 (N.D. Cal. Apr. 25, 2011) (same).

**filed no later than December 31, 2018.** Upon receipt, the Court will stay all proceedings regarding the remaining patents.[2]

(3) A Status Conference is set for January 14, 2019 at 10:30 AM. If the Court receives the aforementioned notices on or before the December 31, 2018 deadline, the hearing will be vacated.

(4) While this matter is stayed, the parties shall file a *Joint* Status Report, *not to exceed ten pages*, every thirty ("30") days to keep the Court apprised of the case status.

**IT IS SO ORDERED.**

Dated: December 17, 2018

HON. ROGER T. BENITEZ
United States District Judge

---

[2] UDE's Motion to Stay (*filed November 21, 2018*) states "the IPR petitions regarding the remaining three asserted patents" would be filed "within the next month to cover all of the asserted claims in this case." (Doc. No. 25-1 at 1.)

7