

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSE ELECTRONICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.D. ELECTRONIC CORP., a Taiwan corporation,<br><br>Defendant. | Case No.: 3:18-cv-00373-BEN-MSB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 54.] |

Before the Court is Plaintiff Pulse Electronics, Inc.'s ("Plaintiff") Motion for Leave of Court to File First Amended Complaint. Having reviewed the Motion and related filings, the Court determines that the Motion is suitable for decision without oral argument. For the reasons discussed below, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

Plaintiff is a worldwide design and manufacturer of RJ-45 Integrated Connector Modules ("ICM").[1] (Doc. Number ¶ 19.) Defendant U.D. Electronic Corp.

---

[1] Plaintiff is a corporation organized and existing under the laws of the state of Pennsylvania and maintains its principal place of business at 15255 Innovation Drive, Suite #100, San Diego, California, 92128. (Doc. No. 1 ¶ 1.)

1

("Defendant") is a manufacturer and supplier of data communications equipment, including RJ-45 ICMs.[2] *Id.* ¶ 13.

Plaintiff originally filed the Complaint against the Defendant on February 16, 2018. (Doc. No. 1.) In the Complaint, Plaintiff asserted four (4) counts of patent infringement against Defendant.[3] *See Id.* Specifically, Plaintiff alleges that "various UDE ICM products infringe four (4) Pulse patents, including claims 1, and 3 through 16 of U.S. Patent 6,773,302 ("the "'302 Patent"); claims 1,16, 18, 33, 38, 39 and 41 of U.S. Patent 7,959,473 the "'473 Patent"); claims 14 and 17 of U.S. Patent 9,178,318 (the "'318 Patent"); and claims 1, 7, 10, 11, 12, and 16 of U.S. Patent 6,593,840 (the "'840 Patent"). (Doc. No. 54 at 1.)

After the parties participated in an ENE and CMC, the Court issued a Scheduling Order setting the *Markman* hearing for April 18, 2019. *Id.* The *Markman* hearing was subsequently vacated after the Court granted Defendant's Motion to Stay the Proceedings pending IPR review. *Id.* The Court lifted the stay on November 18, 2019. *Id.* Plaintiff now seeks to add additional patent infringement claims of indirect infringement against Defendant under 35 U.S.C. § 271. *Id.* To date, no response to Plaintiff's Motion has been filed by the Defendant.

## DISCUSSION

Leave to amend under Rule 15(a)(2) should be "freely give[n] . . . when justice so requires." The Ninth Circuit "has noted on several occasions . . . that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), . . . by freely granting leave to amend when justice so requires." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (noting "the underlying purpose of Rule 15 –

---

[2] Defendant is a corporation organized and existing under the laws of Taiwan and maintains its principal place of business at No. 13, Ln. 68, Neixi Rd., Luzhu Dist. Taoyuan City 33852, Taiwan. (Doc. No. 1 ¶ 2.)

[3] Plaintiff asserts claims of infringement as to the '302, '473, '318, and '840 Patents. (See Doc. No. 1.)

to facilitate a decision on the merits rather than on the pleadings or technicalities."). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v. Kayport Package Express, Inc.*, 885 F.3d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 370 U.S. 178, 182 (1962)). In addition, under LR 7.1, failure to respond "may constitute a consent to the granting of the motion."

Here, since the Defendant has not responded to the Motion, the Court will deem the Defendant's lack of response to mean it does not oppose the Plaintiff's Motion. Thus, Defendants have in essence consented to the Court granting the Motion. The Court also finds grounds to grant Plaintiff leave to amend his Complaint. There is no apparent bad faith or undue delay in the Motion for Leave to Amend. The amendments do not appear to prejudice the Defendant. The Plaintiff's amendments do not appear to be futile, as Plaintiff has provided facially plausible grounds to add the new claims to his Complaint. This is Plaintiff's first Motion for Leave to Amend the Complaint.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion is **GRANTED.** The proposed First Amended Complaint, adding the new claims shall be filed. Plaintiff shall file the First Amended Complaint within seven (7) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: January /3, 2020

Hon. Roger T. Benitez
United States District Judge