UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSE ELECTRONICS, INC, <br><br>          Plaintiff, <br><br> v. <br><br> U.D. ELECTRONIC CORP, <br><br>          Defendant. | Case No.: 18-cv-0373-BEN (DEB) <br><br> **ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

In this patent infringement action, Plaintiff Pulse Electronics, Inc. alleges Defendant U.D. Electronic Corp. infringed its rights under various U.S. Patents. Now before the Court is Defendant's partial motion to dismiss Plaintiff's Amended Complaint. For the reasons that follow, the motion is granted without prejudice and with leave to amend.

## BACKGROUND[1]

Pulse owns patents related to connectors for electronics. U.D.E. manufactures connectors for electronics overseas. Pulse alleges that U.D.E. is infringing on three of its patents. Specifically, Pulse alleges U.D.E. is liable for: (1) direct infringement under 35

---

[1] The following overview of the facts are drawn from the allegations of Plaintiff's First Amended Complaint, which the Court assumes true for purposes of evaluating Defendant's motion. The Court is not making factual findings.

1

U.S.C. § 271(a); (2) induced infringement under 35 U.S.C. § 271(b); and (3) contributory infringement under 35 U.S.C. § 271(c).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

"A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). While the Court must draw all reasonable inferences in the non-movant's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. No party takes issue with these standards.

## DISCUSSION

A.   **Direct Infringement**

U.D.E. does not seek dismissal of claims of direct infringement.

B.   **Indirect Infringement**

1)   <u>Induced Infringement</u>

U.D.E. moves to dismiss claims of induced and contributory infringement of U.S. Patent No. 6,593,840 and U.S. Patent No. 9,178,318. (Allegations regarding U.S. Patent No. 6,773,302 have been dismissed from the lawsuit.) "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To state a

2

claim for inducement pursuant to 35 U.S.C. § 271(b), a plaintiff must plausibly allege "first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *FootBalance Sys. Inc. v. Zero Gravity Inside, Inc.*, No. 15-CV-1058-JLS (DHB), 2016 WL 903681, at *3 (S.D. Cal. Feb. 8, 2016) (quoting *Kyocera Wireless Corp. v. Int'l Trade Comm'n,* 545 F.3d 1340, 1354 (Fed. Cir. 2008)) (additional citation and internal quotation marks omitted).

To induce infringement, a defendant must "actively and *knowingly*" aid and abet another's direct infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (quoting *Water Technologies Corp. v. Calco, Ltd.,* 850 F.2d 660, 668 (Fed. Cir. 1988)) (emphasis in original). Simple "knowledge of the acts alleged to constitute infringement" is not sufficient. *Id.* (quoting *Warner–Lambert Co. v. Apotex Corp.,* 316 F.3d 1348, 1363 (Fed. Cir. 2003)) (citation omitted in original). In other words, "[t]he mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *Id.* (quoting *Warner–Lambert*, 316 F.3d at 1364) (internal quotation marks omitted).

To prove induced infringement there must exist evidence of a person's intent to encourage infringement. "Evidence of 'active steps ... taken to encourage direct infringement,' such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use." *Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005).

Assuming that Plaintiff has plausibly alleged direct infringement, the Complaint still lacks specific facts to plausibly allege that Defendant intended to encourage another's infringement. For the '318 Patent, the Complaint contains inducement allegations at paragraphs 100 through 103. Distilled, it alleges: U.D.E. induces by actively inducing (¶ 100); by providing components to its customers listed here (¶ 101);

some customers imported into the United States, products from abroad (¶ 102); U.D.E. hired away from Pulse a design engineer named Sunky Shang (¶ 102); and prior to the lawsuit, U.D.E. was told that its products were infringing (¶ 103). The allegations are similar for the '840 Patent in paragraphs 119 through 122. Other than its own conclusory allegations, which the Court need not assume true, the Complaint does not allege *how* Defendant intended to encourage others to infringe Pulse's patents. Without any facts about the "how," Pulse does not allege plausibly that Defendant encouraged infringement. Without a factual allegation about the "how," Pulse plausibly describes nothing more than the innocent act of "merely sell[ing] a commercial product suitable for some lawful use." *Id.*; *Simpson Performance Products, Inc. v. Impact Racing Inc.*, 2018 WL 2229372 *3 (S.D. Cal. 2018); *DR Systems, Inc. v. Avreo, Inc.*, 2011 WL 4850171 *3 (S.D. Cal. 2011) (dismissing for failing to allege the "how" of induced infringement).

Accordingly, Defendant's motion to dismiss the inducement claim is **GRANTED**.

2)    Contributory Infringement

"Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c).

To state a claim for contributory infringement under 35 U.S.C. § 271(c), a plaintiff must plausibly allege: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *FootBalance*, 2016 WL 903681, at *3 (quoting *Fujitsu Ltd. v. Netgear Inc.,* 620 F.3d 1321, 1326 (Fed. Cir. 2010)) (additional citation and internal quotation marks omitted).

Similar to the claim for inducement, the Court agrees with Defendant that the Complaint lacks specific *factual* allegations from which the Court may draw a plausible inference of contributory infringement. Again, apart from Pulse's own conclusory allegation, the Complaint lacks factual allegations to plausibly establish that the connectors have no substantial non-infringing uses and that the component is a material part of the invention. *Simpson Performance Products*, 2018 WL 2229372 *4; *DR Systems*, 2011 WL 4850171 *4.

Accordingly, the Court also **GRANTS** Defendant's motion to dismiss Plaintiff's contributory infringement claim.

**C.   Timing**

Plaintiff complains that Defendant has waited too long to urge the motion. While true to some degree, it is not too late for amendment. No dispositive motions have been decided and trial has not yet been scheduled. Plaintiff will suffer little prejudice from amending its Complaint to set out allegations about the "how" which it must ultimately prove.

## CONCLUSION

For all of the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss without prejudice and with leave to amend. If Plaintiff elects to amend its pleading, it must file its amended complaint that cures the defects identified above within **ten (10) days** of the date this Order is filed.

**IT IS SO ORDERED.**

DATED: July 6, 2020

_____
HON. ROGER T. BENITEZ
United States District Judge