UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSE ELECTRONICS, INC.,<br><br>                          Plaintiff,<br>v.<br>U.D. ELECTRONIC CORP.,<br>                         Defendant. | Case No.: 18-cv-00373-BEN (DEB)<br><br>**ORDER:**<br><br>  **(1) REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE; AND**<br><br>  **(2) GRANTING JOINT MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[DKT. NOS. 133, 134]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. Dkt. No. 133. In the Joint Motion, Plaintiff seeks to compel further responses in connection with: (1) Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition notice; and (2) Plaintiff's Requests for Production of Documents. For the reasons discussed below, the Court **GRANTS**, in part, Plaintiff's request to compel further testimony in response to its Rule 30(b)(6) deposition notice and **DENIES** Plaintiff's request to compel further responses to its Requests for Production of Documents.

### 1. Rule 30(b)(6) Deposition Notice

Plaintiff argues that Defendant breached its duty to provide a knowledgeable witness in response to topics 1, 3, 5, 6, and 22 listed in Plaintiff's Rule 30(b)(6) deposition notice. Defendant responds that its designated witness, Mr. Chris Chen, was prepared on all topics and gave responsive, non-evasive answers to the questions posed.

The Court has reviewed the relevant portions of the November 4, 2020 deposition transcript. The Court finds that Mr. Chen provided sufficiently responsive answers to the questions posed regarding topics 1, 5, 6, and 22.

The Court, however, finds that Mr. Chen was not adequately prepared to provide responsive information on topic 3, which sought testimony regarding "[t]he facts and circumstances, including the entities involved, of the design, manufacture, and/or distribution into and within the U.S. . . . and/or imports into the U.S. of the ACCUSED PRODUCTS." The Court's conclusion is based on the colloquy on page 30, line 8 through page 32, line 1 of the transcript. As UDE's Rule 30(b)(6) designee, it was UDE's obligation to have Mr. Chen (or another designee) prepared to provide the information sought in that colloquy, which sought information regarding topic 3 of Plaintiff's Rule 30(b)(6) deposition notice. *See Mattel, Inc. v. Walking Mountain Productions*, 353 F. 3d 792, 798 n. 4 (9th Cir. 2003) (A corporate entity is "obligated to produce the most qualified person [or persons] to testify" when served with a Rule 30(b)(6) deposition subpoena.) (internal quotation omitted); *Louisiana Pac. Corp. v. Money Market Inst. Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012) ("The Corporation has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition.").

The Court, therefore, orders UDE to designate a witness with knowledge regarding topic 3, and to produce that witness for a deposition. The Court further orders Plaintiff to complete that deposition on or before **January 5, 2021**, and orders Defendant to produce its designated witness for a deposition on or before that date.

/ /

/ /

### 2. Request for Production of Documents

Plaintiff asserts that Defendant has not produced all documents responsive to Plaintiff's Request for Production of Documents ("RFP") 8, 11, 17, 26, and 27. Defendant responds that it has produced all documents responsive to these requests.

Plaintiff has attached exhibits to the Joint Motion that it claims establish Defendant has not produced all responsive documents. Defendant disputes that these exhibits establish its failure to produce responsive documents, and, for each RFP at issue, represents that it has produced all responsive documents.

The Court has reviewed the exhibits and is unable to conclude from them that Defendant has withheld any responsive documents. In addition, defense counsel has represented that Defendant has fully responded to each of Plaintiff's RFPs. "[A]bsent contrary evidence, 'the Court presumes the truthfulness of representations made to the Court by attorneys.'" *Munoz v. InGenesis STGi Partners, LLC*, No. 14-cv-1547-MMA (BLM), 2015 WL 13559890, at *3 (S.D. Cal. 2015) (*quoting Laethem Equip. Co. v. Deere & Co.*, 261 F.R.D. 127, 137 (E.D. Mich. 2009)). The Court, therefore, **DENIES** Plaintiff's request to compel.

### 3. Motion to Seal

The parties request sealing of Exhibits C, D, G, I, J, K, L, M, N, O, P, and R to the Joint Motion. Dkt. No. 134. The parties assert that those exhibits either were previously sealed by the Court, are subject to the Protective Order in this case, or contain confidential business information. Good cause appearing, the Court **GRANTS** the Motion to Seal and orders the Exhibits listed above be filed under seal. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006)) ("[A] particularized showing, under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.") (internal citations, quotations, and edits omitted).

/ /

/ /

**4. Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The discovery cut-off will be continued from December 22, 2020 to **January 5, 2021**, for the sole purpose of completing Defendant's Rule 30(b)(6) deposition. All other deadlines and requirements remain as previously set. *See* Dkt. Nos. 119, 123.

2. Defendant must produce a knowledgeable witness(es) capable of providing meaningful testimony on topic 3 for a further Rule 30(b)(6) deposition. The deposition must take place on or before **January 5, 2021**.

3. The documents lodged at Dkt. No. 135, SHALL BE FILED UNDER SEAL.

**IT IS SO ORDERED**.

Dated: December 28, 2020

_____
Honorable Daniel E. Butcher
United States Magistrate Judge