Robert F. Gazdzinski (Bar No. 182090)
rob@gazpat.com
Derek L. Midkiff (Bar No. 299594)
derek.midkiff@gazpat.com
Eric R. Carr (Bar No. 333128)
eric@gazpat.com
**GAZDZINSKI & ASSOCIATES, PC**
16644 West Bernardo Drive, Suite 300
San Diego, CA  92127
Telephone: (858) 675-1670
Facsimile: (858) 675-1674

Kent M. Walker (Bar No. 173700)
kwalker@lewiskohn.com
**Lewis Kohn & Walker LLP**
17085 Via Del Campo
San Diego, CA 92127
Telephone: (858) 436-1333
Facsimile: (858) 436-1349

*Attorneys for Plaintiff*
PULSE ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSE ELECTRONICS, INC., a Delaware corporation.<br><br>Plaintiff,<br><br>v.<br><br>U.D. ELECTRONIC CORP., a Taiwan corporation,<br><br>Defendant. | CASE NO. 3:18-CV-00373-BEN-DEB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PULSE ELECTRONICS, INC.'S MOTION TO STAY EXECUTION OF DEFENDANT'S BILL OF COSTS [ECF 198] PENDING APPEAL**<br><br>Date: July 12, 2021<br>Time: 10:30 AM<br>Courtroom: 5A<br>Judge: Hon. Roger T. Benitez |

For similar reasons that this Court (ECF 194, citing Fed. R. App. P. 4 and Fed. Cir. R. 4) denied *without prejudice* Defendant's Motion for Attorney Fees and Costs until conclusion of appeal, Pulse Electronics, Inc. ("Pulse") requests this Court to stay execution and waive the bond requirement for the Bill of Costs Order (ECF 198) pending appeal.

Pulse is a well-established company, with an annual revenue of more than 80,000 times[1] the amount of the Bill of Costs, there is virtually no risk that it will not be able to satisfy that Bill of Costs should the Court's judgment be affirmed on appeal.

Federal Rule of Civil Procedure 62(d) states that a judgment debtor is entitled as a matter of right to a stay of the execution of a money judgment pending appeal upon the posting of a supersedeas bond. In addition, the trial court may, at its discretion, either waive the bond requirement or allow the judgment debtor to use some alternative type of security. *Olympia Equipment v. Western Union Telegraph Co.*, 786 F.2d 794 (7th Cir.1986); *In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir.1977).

As explained by this Court in *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990) (emphasis added):

> In *Olympia Equipment*, the Seventh Circuit listed two circumstances where wavier of the bond requirement is appropriate: 1) **"where defendant's ability to pay is so plain that the cost of the bond would be a waste of money;"** and 2) "where the requirement would put the defendant's other creditors in undue jeopardy." 786 F.2d at 796. In *Federal Prescription Service v. American Pharmaceutical Association*, 636 F.2d 755 (D.C.Cir.1980), the D.C. Court of Appeals affirmed the trial court's decision to waive the posting of a supersedeas

---

[1] https://www.dnb.com/business-directory/company-profiles.pulse_electronics_inc.d739d7028fa6b7115d1b8bc4d4ceac25.html

MOTION TO STAY EXECUTION OF BILL OF COSTS PENDING APPEAL
1                                    CASE NO. 3:18-CV-00373-BEN-DEB

bond, noting that the judgment debtor had a net worth of more than 47 times the amount of the judgment.

Further, this Court in *Brooktree Corp. v. Advanced Micro Devices, Inc.* allowed AMD to stay the execution of judgment conditioned upon AMD to provide real property security for the $744,600 "allowing AMD to avoid the substantial cost of obtaining a supersedeas bond." 757 F. Supp. at 1104. Here, the amount at issue is $8,200.70, not $744,600. To save the time and expense of obtaining a supersedeas bond for the Bill of Costs ($8,200.70), Pulse respectfully requests this Court to stay enforcement and waive the bond requirement until the appeal is resolved.

Respectfully submitted,

DATED: June 11, 2021

**GAZDZINSKI & ASSOCIATES P.C.**

By: */s/ Eric R. Carr*
    Robert F. Gazdzinski
    Derek L. Midkiff
    Eric R. Carr

**Lewis Kohn & Walker LLP**

    Kent M. Walker

*Attorneys for Plaintiff*
PULSE ELECTRONICS, INC.