# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSE ELECTRONICS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> U.D. ELECTRONIC CORP., a Taiwan corporation, <br><br> Defendant. <br><br> U.D. ELECTRONIC CORP., a Taiwan corporation, <br><br> Counterclaimant, <br><br> v. <br><br> PULSE ELECTRONICS, INC., a Delaware corporation, <br><br> Counterdefendant. | Case No.: 3:18-cv-00373-BEN-MSB <br><br> **ORDERGRANTING PLAINTIFF'S MOTION TO STAY EXECUTION OF DEFENDANT'S BILL OF COSTS PENDING APPEAL** <br><br> **[ECF Nos. 199, 200]** |

## I. <u>INTRODUCTION</u>

Plaintiff/Counterdefendant PULSE ELECTRONICS, INC., a Delaware corporation ("Plaintiff" or "Pulse") brought this action for patent infringement against Defendant/

-1-

3:18-cv-00373-BEN-MSB

Counterclaimant U.D. Electronic Corp., a Taiwan corporation ("Defendant" or "UDE"). Second Amended Complaint, ECF No. 106 ("SAC").

Before the Court is Plaintiff's Motion to Stay Execution of Defendant's Bill of Costs Pending Appeal. ECF No. 199. After considering the papers submitted, supporting documentation, and applicable law, the Court Grants Plaintiff's Motion to Stay Execution of Defendant's Bill of Costs Pending Appeal. ECF No. 199.

## II. BACKGROUND

### A. Statement of Facts

This matter arose out of a dispute over whether Defendant was infringing on the claims of United States Patent Nos. (1) 7,959,473 (the "'473 Patent"), (2) 9,178,318 (the "'318 Patent"), and (3) 6,593,840 (the "'840 Patent") (collectively, the "Patents-in-Suit"). *See generally* SAC. Plaintiff argued that Defendant directly and indirectly infringed the Patents-in-Suit including by making, using, selling, importing, and/or offering for sale— including through the sale and importation by Defendant's customers, rather than Defendant itself—multigig (e.g., 2.5G, 5G, 10G) 2xN integrated connector modules ("ICMs") or products that contain the aforementioned ICMs, including Defendant's four ICM series products: (1) the G series; (2) the GX-X series; (3) the S Series; and (4) the N Series. Order, ECF No. 176 at 2[1]:15-3:2. A more detailed factual and procedural history was set forth in the Court's previous orders on the parties' cross-motions for summary judgment as well as the Court's order to show cause and is incorporated by reference. Orders, ECF Nos. 160 at 2-9, 176 at 2-9; *see also Pulse Electronics, Inc. v. U.D. Electronic Corp.*, No. 3:18-cv-00373-BEN-MSB, 2021 WL 981123, at *1-4 (S.D. Cal. Mar. 16, 2021); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, No. 3:18-cv-00373-BEN-MSB, ---F. Supp. 3d---, 2021 WL 1226470, at *1 (S.D. Cal. Mar. 31, 2021).

### B. Procedural History

On March 16, 2021, after three years of litigation, the Court granted Defendant's

---

[1] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

-2-

3:18-cv-00373-BEN-MSB

motion for summary judgment and dismissed *with prejudice* (1) all of Plaintiff's claims for induced infringement of all Accused Products and (2) Plaintiff's claims for direct infringement of the GX-X series as well as all Accused Products in the S and N Series except for MPNs S3Y-HP-0001 and N42-ZT-0001. Order, ECF No. 160 at 86:14-17. On March 31, 2021, the Court issued an order granting summary judgment, *sua sponte* and following a briefing schedule set by the Court, in Defendant's favor while vacating all future dates in this case. Order, ECF No. 176. That same day, the Court (1) entered judgment in Defendant's favor as to all three of Plaintiff's counts in its operative Second Amended Complaint as well as Defendant's counterclaims for non-infringement, ECF No. 177, and (2) filed a Report on the Filing or Determination of an Action Regarding a Patent or Trademark, ECF No. 180.

On April 9, 2021, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit, appealing the Court's (1) March 16, 2021 order granting summary judgment, ECF No. 160; (2) March 31, 2021 order granting summary judgment *sua sponte*, ECF No. 176; (3) the judgment entered on March 31, 2021, ECF No. 177; and (4) all orders, rulings, and judgments underlying the foregoing. ECF No. 181 at 2.

On April 14, 2021, Defendant filed a Motion for Attorney Fees and Costs, ECF No. 184, and Bill of Costs, seeking $8,200.70 in costs, ECF No. 185. The following day, or April 15, 2021, Plaintiff's appeal was docketed. ECF No. 186.

On May 3, 2021, Plaintiff filed its (1) Opposition to Defendant's Motion for Attorney's Fees and Costs, ECF No. 191, and (2) Response to Defendant's Bill of Costs, asking the Court to stay enforcement and waive the bond requirement for the Bill of Costs pending appeal. ECF No. 188 at 2:1-3. On June 2, 2021, this Court denied Defendant's Motion for Attorneys' Fees and Costs *Without Prejudice*, pending the conclusion of Plaintiff's appeal of this case. ECF No. 194 at 19:2-17.

On June 11, 2021, the Clerk of the Court taxed costs in the amount of **$8,200.70** against Plaintiff, ECF No. 198, while Plaintiff filed the instant Motion to Stay Execution of Defendant's Bill of Costs (ECF No. 198) Pending Appeal. ECF No. 199-1. On June

28, 2021, Defendant filed a Notice of Non-Opposition to the Motion. ECF No. 200.

## III. LEGAL STANDARD

Courts may award costs, other than attorney's fees, to the prevailing party in a case "[u]nless a federal statute, these rules, or a court order provides otherwise." FED. R. CIV. P. 54(d)(1); *see also* S.D. Cal. Civ. R. 54.1(a) ("Unless otherwise ordered by the Court, or stipulated by the parties, the prevailing party is entitled to costs."). The Southern District's Local Rules provide: "The defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P. 41(a)." S.D. Cal. Civ. R. 54.1(f).

In order to recover such costs, "[w]ithin fourteen (14) days after entry of judgment, the party in whose favor a judgment for costs is . . . allowed by law, and who claims costs, must file with the Clerk [of the Court] the bill of costs, together with a notice of when the Clerk will hear the application." S.D. Cal. Civ. R. 54.1(a). However, a "party objecting to any item of costs contained in the bill of costs must file the objections in writing, specifying each item to which objection is made and the ground of the objection, and file any affidavit or present facts relied on which may be rebutted by the opposing party." S.D. Cal. Civ. R. 54.1(g)(1). Following receipt of any response or objections to the Bill of Costs, the Clerk of the Court then proceeds "to tax the costs, and must allow such items specified in said bill of costs as are properly chargeable as costs." S.D. Cal. Civ. R. 54.1(g)(2). This taxation of costs by the Clerk is final, "unless modified on review as provided in Local Rule 54.1.h." S.D. Cal. Civ. R. 54.1(g)(3); *see also* S.D. Cal. Civ. R. 54.1(h) (providing that "[a] review of the decision of the clerk in the taxation of costs may be taken to the court on motion to re-tax by any party in accordance with Rule 54(d), Fed. R. Civ. P., and Civil Local Rule 7.1"). However, Rule 62(a) of the Federal Rules of Civil Procedure ("FRCP") automatically stay execution on a judgment and proceedings for 30 days after entry of judgment. Additional stays may be secured in two ways: First, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." FED. R. CIV. P. 62(b). This bond, known is as "supersedeas bond," arises out of "[t]he

rationale . . . that there can be no certainty about who is in the right until the appeals are done," so "the party that lost should not have to pay the winner until the district court's decision is finally affirmed, but in the meantime, the party that won in district court should not be at risk of the money disappearing." *Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1085 (9th Cir. 2009); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 312 (1995) (noting that supersedeas bonds assure "judgment creditors . . . that they do not have to bring a separate action against sureties, and instead allows them to collect on the supersedeas bond by merely filing a motion"). "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." FED. R. CIV. P. 62(b).

Second, "Federal Rule of Civil Procedure 62(d) states that a judgment debtor is entitled as a matter of right to a stay of the execution of a money judgment pending appeal upon the posting of a supersedeas bond." *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990) (Enright, J.); *see also* FED. R. CIV. P. 62(d) (providing that "[w]hile an appeal is pending from [a] . . . final judgment that grants . . . or refuses to dissolve . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights"). This provision allows a court to stay a case on "other terms that secure the opposing party's rights." *See* FED. R. CIV. P. 62(d); *see also Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) (noting that district judges have discretion to grant or deny stays even where no bond is posted) (citing FED. R. CIV. P. 62). "[T]he trial court may, at its discretion, either waive the bond requirement or allow the judgment debtor to use some alternative type of security." *Brooktree*, 757 F. Supp. at 1104 (citing *Olympia Equipment v. Western Union Telegraph Co.,* 786 F.2d 794 (7th Cir. 1986); *In re Combined Metals Reduction Co.,* 557 F.2d 179, 193 (9th Cir. 1977)).

IV. **DISCUSSION**

On June 2, 2021, this Court denied Defendant's Motion for Attorneys' Fees and Costs *Without Prejudice*, pending the conclusion of Plaintiff's appeal of this case. ECF

No. 194 at 19:2-17. However, because costs are taxed by the Clerk of the Court, *see* S.D. Cal. Civ. R. 54.1, while a motion for attorneys' fees is determined by the district judge presiding over the case, *see* FED. R. CIV. P. 54(d)(2)(A), the order only addressed Defendant's request for attorney's fees. Accordingly, on June 11, 2021, Plaintiff moved the Court to stay enforcement of the judgment and waive the bond requirement until its appeal of the Court's judgment in this case is resolved. ECF No. 199-1 at 3:7-9. Defendant does not oppose the request. *See* ECF No. 200.

"[A] judgment of a United States District Court becomes final and enforceable ten days after judgment is entered." *Leuzinger v. Cty. of Lake*, 253 F.R.D. 469, 472 (N.D. Cal. 2008) (quoting *Columbia Pictures Television, Inc. v. Krypton Broad*, 259 F.2d 1186, 1197 (9th Cir. 2001)). In this case, on March 31, 2021, the Court entered judgment in Defendant's favor as to all three of Plaintiff's counts in its operative Second Amended Complaint as well as Defendant's counterclaims for non-infringement. Judgment, ECF No. 177. Thus, according to the Southern District's Local Rules, Defendant is the prevailing party, entitled to its costs. *See* S.D. Cal. Civ. R. 54.1(f); *see also* FED. R. CIV. P. 54(d)(1). In order to recover such costs, "[w]ithin fourteen (14) days after entry of judgment, the party in whose favor a judgment for costs is . . . allowed by law, and who claims costs, must file with the Clerk [of the Court] the bill of costs, together with a notice of when the Clerk will hear the application." S.D. Cal. Civ. R. 54.1(a). Thus, on April 14, 2021, Defendant timely submitted a Bill of Costs, seeking $8,200.70 in costs, ECF No. 185, and Motion for Attorney Fees and Costs, ECF No. 184. The following day, Plaintiff's appeal was docketed. ECF No. 186; *but see Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 190 (9th Cir. 1977) (providing that "an appeal will not affect the validity of a judgment or order during the pendency of the appeal, absent a stay or supersedas"). However, a "party objecting to any item of costs contained in the bill of costs must file the objections in writing, specifying each item to which objection is made and the ground of the objection, and file any affidavit or present facts relied on which may be rebutted by the opposing party." S.D. Cal. Civ. R. 54.1(g)(1). Accordingly, on April 28, 2021, Plaintiff

filed a Response to Defendant's Bill of Costs, asking the Court to stay enforcement and waive the bond requirement for the bill of Costs pending appeal. ECF No. 188 at 2:1-3.

"The Clerk of the Court then proceeds "to tax the costs, and must allow such items specified in said bill of costs as are properly chargeable as costs." S.D. Cal. Civ. R. 54.1(g)(2). "The taxation of costs made by the Clerk must be final, unless modified on review as provided in Local Rule 54.1.h." S.D. Cal. Civ. R. 54.1(g)(3); *see also* S.D. Cal. Civ. R. 54.1(h) (providing that "[a] review of the decision of the clerk in the taxation of costs may be taken to the court on motion to re-tax by any party in accordance with Rule 54(d), Fed. R. Civ. P., and Civil Local Rule 7.1"). In this case, on June 11, 2021, the Clerk of the Court taxed costs in the amount of **$8,200.70** against Plaintiff. ECF No. 198.

Rule 62 of the FRCP allows courts to stay execution on a judgment on terms the Court considers proper or by requiring the non-prevailing party responsible for payment of costs to post a supersedeas bond. However, a waiver of the bond requirement may be appropriate where (1) "the defendant's ability to pay is so plain that the cost of the bond would be a waste of money" and (2) "the requirement would put the defendant's other creditors in undue jeopardy." *See Aldasoro v. Kennerson*, 915 F. Supp. 188, 191 (S.D. Cal. 1995) (Brewster, J.) (denying the plaintiffs' motion for a stay without a bond pursuant to Rule 62 of the Federal Rules of Civil Procedure where the non-prevailing party's ability to pay was not so plain that the cost of a bond would be a waste of money) (citing *Brooktree*, 757 F. Supp. at 1104). Further, in some cases, even where a bond is waived, courts will still require the posting of other security. *See, e.g.*, *Brooktree*, 757 F. Supp. at 1104 (noting that the "court [would] grant a stay of execution without requiring AMD to post a supersedeas bond, but [would] require AMD to provide real property security in an appropriate amount to protect Brooktree's interest," which will provide greater protection for Brooktree while at the same time allowing AMD to avoid the substantial cost of obtaining a supersedeas bond").

In this case, Plaintiff argues that it "is a well-established company, with an annual revenue of more than 80,000 times the amount of the Bill of Costs," meaning "there is

virtually no risk that it will not be able to satisfy the Bill of Costs should the Court's judgment be affirmed on appeal." ECF No. 199-1 at 2:6-9, 26-28. Thus, Plaintiff contends that because the amount at issue is $8,200.00, but in *Brooktree*, the Court excused the non-prevailing party from posting a supersedeas bond when the amount at issue was $744,600.00, this Court should "save [Plaintiff] the time and expense of obtaining a supersedeas bond." *Id.* at 3:3-9. Further, Defendant filed a Notice of Non-Opposition, advising that it does not oppose staying execution until the appeal has been resolved. ECF No. 200 at 2:1-6. Given the instant motion is unopposed, and the amount of costs is not high, the Court finds good cause exists to grant the Motion.

## V. CONCLUSION

For the above reasons, Plaintiff's Motion to Stay Execution of Defendant's Bill of Costs Pending Appeal is **GRANTED**. ECF No. 199.

**IT IS SO ORDERED.**

DATED: July 6, 2021

**HON. ROGER T. BENITEZ**
United States District Judge